# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00455-SCT

*ROGER WALLACE*

*v.*

*TOWN OF RALEIGH, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/26/2001 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARK K. TULLOS |
| ATTORNEYS FOR APPELLEE: | L. CLARK HICKS, JR. |
| | JOHN MICHAEL HERKE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 05/09/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/30/2002 |

**BEFORE PITTMAN, C.J., COBB AND CARLSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. The Town of Raleigh was granted summary judgment pursuant to Miss. Code Ann. § 11-46-9(1)(m) (Supp. 2001) which bars an inmate of a correctional facility from bringing suit against a governmental entity. Roger Wallace, an inmate of the Mississippi Department of Corrections, appeals the ruling of the circuit court citing numerous constitutional violations by the statute. Finding the Town of Raleigh's motion for summary judgment was properly granted, this Court affirms the judgment of the circuit court.

## FACTS AND PROCEEDINGS BELOW

¶2. On January 19, 1999, Roger Wallace, a participant in a work release program, was a passenger on a garbage truck owned and operated by the Town of Raleigh. The truck was struck on the passenger's side by a vehicle operated by Jones G. Moore. Wallace claims to have sustained serious personal injuries from the accident. On the date of the accident, Wallace was performing his duties as an inmate of the Mississippi Department of Corrections through the Simpson County Correctional Work Center.

¶3. Wallace sued the Town of Raleigh for damages in the Smith County Circuit Court. On July 24, 2000, the Town of Raleigh moved for summary judgment pursuant to Miss. Code Ann. § 11-46-9(1)(m) which

barred Wallace, as an inmate of a correctional facility, from bringing suit against the Town of Raleigh.

¶4. In response to the Town of Raleigh's Motion for Summary Judgment, Wallace argued Miss. Code Ann. § 11-46-9(1)(m) & (n) violate the Remedy Clause, the Due Process Clause and the Equal Protection Clause of the Mississippi and United States Constitutions, and were, thus, unconstitutional as interpreted by the Town of Raleigh. Wallace also alleged that his injuries did not arise from the work he was performing, but rather the negligence of the Town of Raleigh's employee.

¶5. On February 6, 2001, the State of Mississippi intervened and joined the Town of Raleigh's Motion for Summary Judgment to defend the constitutionality of Miss. Code Ann. § 11-46-9(1)(m) & (n). *See* Miss. R. Civ. P. 24(d).

¶6. On February 9, 2001, a hearing on the motion for summary judgment was held before Circuit Judge Robert G. Evans. On February 20, 2001, the Town of Raleigh's Motion for Summary Judgment as to the issues involving Miss. Code Ann. § 11-46-9(1)(m) & (n) was granted. On March 16, 2001, the trial court entered an amended corrected order maintaining its grant of summary judgment and also entering a final judgment in favor of the Town of Raleigh to enable this appeal. On March 16, 2001, Wallace appealed to this Court from the trial court's order granting summary judgment.

## <u>DISCUSSION</u>

### I. WHETHER STRICT INTERPRETATION OF SECTION 11-46-9 OF THE TORT CLAIMS ACT IS UNCONSTITUTIONAL

¶7. Statutory interpretation is a matter of law which this Court reviews de novo. ***Donald v. Amoco Prod. Co.,*** 735 So. 2d 161, 165 (Miss. 1999). This Court must presume a statute is constitutional unless the challenging party is able to prove unconstitutionality beyond a reasonable doubt. ***Mississippi Power Co. v. Goudy,*** 459 So. 2d 257, 263 (Miss. 1984). "All doubts must be resolved in favor of the validity of a statute." ***Loden v. Mississippi Pub. Serv. Comm'n,*** 279 So. 2d 636, 640 (Miss. 1973).

¶8. The Mississippi Torts Claims Act governs this suit. Miss. Code Ann. § 11-46-7 (Supp. 2001). The statute at issue is Miss. Code Ann. § 11-46-9 (Supp. 2001) which states in part as follows:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:...

(m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed;...

(n) Arising out of any work performed by a person convicted of a crime when the work is performed pursuant to any sentence or order of any court or pursuant to laws of the State of Mississippi authorizing or requiring such work;...

¶9. Wallace argues that a strict interpretation of the statute, as adopted by the Town of Raleigh, specifically of § 11-46-9(1)(m) & (n) would violate the Remedy Clause, Due Process Clause, and Equal Protection Clause of the Mississippi and United States Constitutions.

¶10. This Court has held that the remedy clause, Miss. Const. art. 3, § 24, does not conflict with sovereign immunity. ***Robinson v. Stewart,*** 655 So. 2d 866, 868-69 (Miss. 1995). The remedy clause does not require exceptions to sovereign immunity and does not grant an absolute guarantee of a trial. ***Robinson,*** 655 So. 2d at 868-69 (citing ***Grimes v. Pearl River Valley Water Supply Dist.,*** 930 F.2d 441, 443-44 (5th Cir. 1991)).

¶11. In ***Robinson,*** this Court also held sovereign immunity did not violate due process. 655 So. 2d at 869. "A due process violation requires the infringement of a liberty or property right." ***Id.*** at 869 (citing ***Tucker v. Hinds County,*** 558 So. 2d 869, 873 (Miss. 1990)). Because the right to sue the State has been withheld through the statutes by the Legislature, there is no property right to sue the State or other governmental entities and, therefore, no due process violation of the Mississippi Constitution. ***Robinson,*** 655 So. 2d at 869. The same analysis applies to the United States Constitution because state law defines property interests, and the Mississippi Legislature has continuously denied any exceptions to overcome sovereign immunity. ***Grimes,*** 930 F.2d at 444.

¶12. If the statute is found to be rationally related to a legitimate purpose, "equal protection is not violated by conferring benefits on some and not all of the people of the state." ***Mosby v. Moore***, 716 So. 2d 551, 556 (Miss. 1998). The Legislature had a legitimate purpose in protecting governmental entities from claims brought by inmates, thus there is no equal protection violation in denying prison inmates certain rights granted to law-abiding citizens. The court in ***Grimes*** also held the sovereign immunity statute did not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. 930 F.2d at 444.

¶13. Wallace argues that § 11-46-9(1)(m) should only apply to inmates who are actually on the premises of the detention center, jail, workhouse, etc. because of the inherent dangers associated with those types of facilities. He states if the Legislature had intended to limit all prisoners from filing claims against governmental entities, the Legislature would have expressly used the word "prisoner." Instead, the Legislature limited the statute to only those claimants who were actual inmates of a particular facility at the time the claim arose. Wallace interprets this to mean the inmate must be in the facility at the time the injury occurs. Location, rather than status of the claimant, is the key. Wallace contends the true legislative purpose behind this subsection is the State's inability to ensure the safety of those within the walls of these inherently dangerous facilities, not the State's denial of all claims brought by prisoners against a governmental entity.

¶14. Wallace also argues § 11-46-9(1)(n) relates to the causation of the injury rather than acting as a complete bar to all injuries sustained by the convicted person. Wallace agrees if he had been injured while performing his work-release program duties, he would be barred by this statute. Wallace contends his injury was not caused by his work being performed, but by the negligent operation of a vehicle by a town employee.

¶15. Wallace mentions several statutes from other states which he urges this Court to use as a guide in interpreting § 11-46-9, but the legislatures of these states have specifically provided for exceptions, such as allowing inmates to bring claims arising outside certain inherently dangerous facilities or claims which arise due to the negligence of the governmental entity. *See* Cal. Gov. Code § 844.6 (2000); Ohio Rev. Code Ann. § 2744.02(B)(4) (1997). These statutes and cases presented are clearly distinguishable from the present suit. In the Tort Claims Act, the Mississippi Legislature provided for an exemption from the government's liability for claims made by inmates. Unlike other states with similar statutes, no exceptions,

restrictions or distinctions were made to allow an inmate to bring a claim against a governmental entity.

¶16. "Inmate" is defined as "a person confined to a prison, penitentiary or the like." Black's Law Dictionary 788 (6th ed. 1990). There is no restriction that the inmate must remain confined to the prison. The inmate remains an inmate while being transported, while participating in public service work programs or while on leave if a pass is granted. *See* Miss. Code Ann. §§ 47-5-401through -421 (2000 & Supp. 2001).

¶17. This Court cannot presume the Legislature intended to limit liability to only those inmates on the premises but must presume the words in the statute were "intended to convey their usual meaning absent some indication to the contrary." ***Buelow v. Kemp Co.***, 641 So. 2d 1226, 1228-29 (Miss. 1994). As we have stated:

> The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would be intrenching upon the power of the Legislature. Neither have the courts authority to write into the statute something which the Legislature did not itself write therein, nor can they ingraft upon it any exception not done by the lawmaking department of the government.

***Hamner v. Yazoo Delta Lumber Co.***, 100 Miss. 349, 56 So. 466, 490 (1911). The Legislature expressly stated the governmental entity would be immune from all liability from any claim of any claimant who was an inmate at the time the claim arose. Miss. Code Ann. § 11-46-9(1)(m). Therefore, by the express language of the statute, Wallace, as an inmate of the Department of Corrections, is barred from bringing any claim against the Town of Raleigh.

¶18. This Court has held Miss. Code Ann. § 11-46-9(1)(m) "effectively cuts off" an inmate's right to bring a negligence action against the State or its employees. ***Sparks v. Kim***, 701 So. 2d 1113, 1114 (Miss. 1997) . Although in *Sparks* the statute could not be applied retroactively, in the case sub judice, the statute clearly was in effect at the time the action arose. Although Wallace raises this issue under § 11-46-9(1)(n), Wallace's claim that the Town of Raleigh's employee acted negligently is barred by § 11-46-9(1)(m).

## II. WHETHER THERE EXISTS ANY GENUINE ISSUE OF MATERIAL FACT WHICH WOULD PRECLUDE THE GRANTING OF SUMMARY JUDGMENT

¶19. This Court reviews grants of summary judgment de novo. ***Owen v. Pringle***, 621 So.2d 668, 670 (Miss.1993). A trial court may grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "A fact is material if it 'tends to resolve any of the issues, properly raised by the parties.' " ***Webb v. Jackson***, 583 So.2d 946, 949 (Miss.1991) (quoting ***Mink v. Andrew Jackson Cas. Ins. Co.***, 537 So.2d 431, 433 (Miss.1988) (quoting ***Mississippi Rd. Supply Co. v. Zurich-American Ins. Co.***, 501 So.2d 412, 414 (Miss.1987))). "The evidence must be viewed in the light most favorable to the non-moving party. If, in this view, the moving party is entitled to a judgment as a matter of law, then summary judgment should be granted. Otherwise, the motion should be denied." ***Mosby v. Moore***, 716 So. 2d at 558 (citing ***Brown v. Credit Ctr., Inc.***, 444 So.2d 358, 362 (Miss.1983)).

¶20. Although this is a case of first impression as to the application of the statute to inmates engaged in a work release program claiming negligence by the governmental entity, there is no genuine issue of material fact. Wallace was an inmate of the Mississippi Department of Corrections and in the custody of the

Simpson County Correctional Work Center at the time his claim occurred. As stated in Miss. Code Ann. § 11-46-9(1)(m), a governmental entity is immune from all claims arising from claimants who are inmates at the time the claim arises. The Legislature provided for no exception to this provision; therefore, Wallace's claim against the Town of Raleigh is barred.

## CONCLUSION

¶21. The Mississippi Tort Claims Act completely bars Wallace, an inmate of the Mississippi Department of Corrections, from bringing a negligence claim against the Town of Raleigh. The language of the statute is unambiguous, and the intent of the Legislature is clear. Inmates have been specifically excluded from bringing such actions against governmental entities. This Court has continuously held there are no constitutional violations, and the challenging party could not prove otherwise. We hold the Town of Raleigh was entitled to a judgment as a matter of law. Therefore, this Court affirms the trial court's grant of summary judgment in favor of the Town of Raleigh.

¶22. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ AND GRAVES, JJ., CONCUR. McRAE, P.J., AND EASLEY, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**