## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00860-SCT

*RYRCHELLE LIGGANS*

*v.*

*COAHOMA COUNTY SHERIFF'S DEPARTMENT*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/24/2001 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEREK D. HOPSON |
| ATTORNEY FOR APPELLEE: | DAVID D. O'DONNELL |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 08/15/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/5/2002 |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. Ryrchelle Liggans seeks review of the Coahoma County Circuit Court's dismissal of her lawsuit against the Coahoma County Sheriff's Department (County). While incarcerated in the county jail, Liggans fell from a top bunk bed and injured her jaw. She subsequently filed suit alleging that the County was liable for her injuries and seeking $500,000 in general damages plus reimbursement for her medical expenses and other damages. Following a hearing on the County's Motion to Dismiss, the circuit court concluded that Liggans's claims were barred by the Mississippi Tort Claims Act, Miss Code Ann.§§ 11-46-1 to -23 (Supp. 2001), because the County was not liable for injuries suffered by someone in custody as a jail inmate. Liggans appeals that ruling claiming three assignments of error, which have been combined into two issues for review:

> **I. DID THE CIRCUIT COURT ERR IN DETERMINING THAT LIGGANS WAS AN "INMATE" AND THUS THE "JAIL INMATE" EXEMPTION WAS APPLICABLE PURSUANT TO MISS. CODE ANN. § 11-46-9(1)(m)?**

> **II. DID THE CIRCUIT COURT ERR IN DETERMINING THAT THE JAILER'S CONDUCT DID NOT CONSTITUTE "RECKLESS DISREGARD" FOR LIGGANS'S**

**SAFETY AND WELL BEING?**

¶2. Concluding that Liggans's assignments of error are not well taken, we affirm.

## FACTS

¶3. Officers of the Clarksdale Police Department took Liggans into custody on May 26, 1999, for what she designated as "contempt of the work program," disturbing the peace, and intoxication. The officers transported Liggans to the Coahoma County Jail where she was booked and incarcerated. She was placed in a regular cell with another inmate, rather than in the "drunk tank." Shortly after her arrival Liggans fell from the top bunk bed in the cell and suffered fractures to her jaw.

¶4. After being notified of Liggans's injuries, the Clarksdale police transported her to the Northwest Mississippi Regional Medical Center in Clarksdale, where she received minimal medical attention. Upon being returned to the jail, Liggans was then placed in a single person holding cell, where there was only one bed, placed directly on the floor of the cell. She remained there until she was released the following day. As she was leaving the jail, Liggans regurgitated. An ambulance was called, and Liggans was again transported to the local hospital, where she received further treatment.

## STANDARD OF REVIEW

¶5. A motion for dismissal under Miss. R. Civ. P.12(b)(6) raises an issue of law. *See **Tucker v. Hinds County***, 558 So. 2d 869, 872 (Miss. 1990). When considering a motion to dismiss, the allegations of the complaint must be taken as true and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim. *See **Overstreet v. Merlos,*** 570 So. 2d 1196, 1197 (Miss. 1990); ***DeFoe v. Great S. Nat'l Bank, N.A.***, 547 So.2d 786, 787 (Miss. 1989). In reviewing the grant of a motion to dismiss, this Court conducts a de novo review. *See **T.M. v. Noblitt,*** 650 So. 2d 1340, 1342 (Miss. 1995).

## DISCUSSION

### I. DID THE CIRCUIT COURT ERR IN DETERMINING THAT LIGGANS WAS AN "INMATE" AND THUS THE "JAIL INMATE" EXEMPTION WAS APPLICABLE PURSUANT TO MISS. CODE ANN. § 11-46-9(1)(m)?

¶6. The Mississippi Tort Claims Act (MTCA) provides for a limited waiver of sovereign immunity and permits the maintenance of only certain types of claims against Coahoma County as a governmental agency. Miss. Code Ann. § 11-46-5 (Supp. 2001). In reviewing the facts and the application of the law to Liggans's case, the most pertinent of the Act's exemptions from the limited waiver of immunity is the "jail inmate" exemption which states in part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> ...
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution . . . .

Miss. Code Ann. § 11-46-9(1)(m) (Supp. 2001). Thus the MTCA preserves the government's sovereign immunity with regard to the claims of jail inmates.

¶7. Liggans argues that she was not an inmate at the time of her injuries. She states that she was merely a pre-trial detainee, one who had been arrested and charged, but not a convicted inmate. The County argues that Liggans was, in fact, an inmate and clearly covered by the "jail inmate" exemption of the MTCA. The County states that the statute does not make any distinctions between "convicted" and "non-convicted" inmates.

¶8. We have recently applied the jail inmate exemption of Section 11-46-9(1)(m) to bar a negligence action against a town by an inmate who was injured while participating in a work release program. *Wallace v. Town of Raleigh*, 815 So. 2d 1203, 1208 (Miss. 2002). In affirming summary judgment for the town, we rejected Wallace's argument that the exemption applied only to inmates who were actually confined at the time of the injury. *Id.* at 1207-08. In the absence of any stated exceptions to the provision, we gave the language of the stated exemption its usual meaning and concluded that "a governmental entity is immune from all claims arising from claimants who are inmates at the time the claim arises." *Id.* at 1208-09.

¶9. It appears that this Court has not previously addressed the issue of distinctions between "convicted" and "non-convicted" inmates. However, this distinction was not followed by the Fifth Circuit in *Jones v. City of Jackson,* 203 F.3d 875 (5th Cir. 2000) which applied the jail inmate exemption to bar the claims of a jail inmate, who had not been convicted, who brought suit against the City of Jackson and others for claims arising out of various jail conditions. *Id.* at 881. According to the court in *Jones,* because "Jones was incarcerated at the time of the events at issue, and he has not alleged any facts that would tend to show that [the officials in question] were not acting in the course and scope of their employment," the trial court should have granted summary judgment based upon the application of Section 11-46-9(1)(m). *Id.* at 881. *Jones* is factually similar to the case sub judice and thus, the judgment of the federal court is instructive.

¶10. Liggans failed to cite any authority for her argument that although she was incarcerated at the time of her injuries, she should be permitted to maintain her action against Coahoma County because she was not then convicted. As this Court stated in *Blevins v. Bardwell*, 784 So. 2d 166, 180 (Miss. 2001), "the failure to cite any authority can be treated as a procedural bar, and this Court is under no obligation to consider the assignments." (internal citations omitted).

¶11. Even so, on the merits, under *Wallace* and *Jones,* and the clear terms of the Mississippi Tort Claims Act, the decision of the circuit court is affirmed on this issue.

### II. DID THE CIRCUIT COURT ERR IN DETERMINING THAT THE JAILER'S CONDUCT DID NOT CONSTITUTE "RECKLESS DISREGARD" FOR LIGGANS'S SAFETY AND WELL BEING?

¶12. Liggans argues that even if she is found to be an inmate, then her claims should still be viable under the "reckless disregard" exception found in Section 11-46-9(1)(c), which provides in pertinent part:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

. . .

(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

Miss. Code Ann. § 11-46-9(1)(c) (Supp. 2001). She states that the jailer's conduct--not placing her in the "drunk tank"--was reckless disregard for her safety and well being which amounts to an intentional tort.

¶13. Because a governmental entity, under the MTCA, is immune from all claims arising from claimants who are inmates at the time the claim arises, the 1(c) reckless disregard section does not apply. Thus, this assignment of error is without merit.

## CONCLUSION

¶14. We conclude that the circuit court's dismissal of Liggans's action is in keeping with the clear legislative intent of the Mississippi Tort Claims Act. The trial court correctly interpreted and applied the Act to Liggans's claims and correctly dismissed her action against Coahoma County. Therefore, the judgment of the circuit court is affirmed.

¶15. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, DIAZ, EASLEY AND CARLSON, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**