872 So.2d 71 (2004)
Robert Lee WHITT, Appellant,
v.
Tommie GORDON, John Bearry, Janice Pierce, Judith Dial and Mississippi Department of Corrections, Appellees.
No. 2002-CP-01483-COA.
Court of Appeals of Mississippi.
January 27, 2004.
Rehearing Denied April 27, 2004.
*72 Robert Lee Whitt, Appellant, pro se.
Office of the Attorney General by James M. Norris, Jane L. Mapp, attorneys for appellees.
Before KING, P.J., LEE and CHANDLER, JJ.
KING, P.J., for the Court.
¶ 1. Robert Lee Whitt appeals from the dismissal of his complaint by the Circuit Court of Yazoo County. Aggrieved by this dismissal, Whitt states his issues as follows:
I. Whether the Circuit Court erred in ruling that pursuant to Miss.Code Ann. § 11-46-9(1)(m) the defendants as state employees are not liable for the claims of the plaintiff who is a state inmate and was one at the time of the claims.
II. Whether the Circuit Court erred in ruling that the plaintiff's complaint was barred as untimely pursuant to Miss.Code Ann. § 47-5-807.

FACTS
¶ 2. On January 13, 1999, Robert Lee Whitt, an inmate legally incarcerated within the Mississippi Department of Corrections (MDOC), was a passenger in one of two prison vans en route from the University of Mississippi Medical Center in Jackson, to the Mississippi State Penitentiary (MSP) at Parchman, when they stopped in Yazoo City for gasoline. While exiting the gas station, the van in which Whitt was a passenger backed into the other van. After verifying that the inmates and other officers were safe, two of the officers transporting the inmates got out to examine the damage.
¶ 3. Whitt claims that he repeatedly told the officers that his neck and right knee were injured and requested medical attention, but was told he would be alright until they got back to Parchman. Once at Parchman, Whitt was examined by two nurses, Judith Dial and Janice Pierce. X-rays were taken of Whitt's neck and his knee was examined. Whitt was ordered to refrain from work for five days. Whitt alleges that despite continual complaints to the medical staff at MSP that he failed to receive proper medical treatment and still suffers with neck injuries caused by the accident.
¶ 4. Whitt filed a complaint alleging medical negligence against Dr. John Bearry, the medical director at MSP and nurses Judith Dial and Janice Pierce, for failing to exercise the required standard of care. Whitt also alleged negligence against Tommie Gordon, the director of *73 transportation, and John Does 1-3, the officers involved in the accident, for not attempting to aid him after the accident when he complained of knee and neck pain. In his complaint Whitt seeks $1,000,000 in actual and punitive damages.
¶ 5. The defendants filed a motion to dismiss the complaint pursuant to Mississippi Code Annotated Section 11-46-9(1)(m) which grants employees of the MDOC immunity from claims filed by inmates, and Mississippi Code Annotated Section 47-5-807 which states that an inmate has thirty days to seek judicial review of an adverse decision after exhausting administrative remedies.
¶ 6. After hearing the defendants' motion the judge dismissed Whitt's complaint on August 27, 2002, finding that pursuant to Mississippi Code Annotated Section 11-46-9(1)(m) Whitt, as a state inmate, was prohibited from bringing a tort claim against the defendants who were all state employees. The court further found that Whitt's complaint was untimely pursuant to Mississippi Code Annotated Section 47-5-807 because Whitt failed to seek judicial review within thirty days as required by statute.

ISSUES AND ANALYSIS
Whether the Circuit Court erred in ruling that pursuant to Miss.Code Ann. § 11-46-9(1)(m) the defendants as state employees are not liable for the claims of the plaintiff who is a state inmate and was one at the time of the claims.
¶ 7. A motion for dismissal under Mississippi Rules of Civil Procedure 12(b)(6) raises an issue of law. Liggans v. Coahoma County Sheriff's Dep't, 823 So.2d 1152, 1154(¶ 5) (Miss.2002), citing Tucker v. Hinds County, 558 So.2d 869, 872 (Miss. 1990). The motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim. Liggans, 823 So.2d at 1154(¶ 5). In reviewing the grant of a motion to dismiss, this Court conducts a de novo review. Id., citing T.M. v. Noblitt, 650 So.2d 1340, 1342 (Miss.1995).
¶ 8. The Mississippi Tort Claims Act provides a limited waiver of immunity for actions against governmental entities while maintaining absolute immunity for other specific claims. Miss.Code Ann. § 11-46-5 (Rev.2002). The case sub judice is covered by an exception to the Act's limited waiver of immunity, that is, the "jail inmate" exemption which states in part:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
(m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution....
Miss.Code Ann. § 11-46-9(1)(m) (Rev. 2002). Thus the Act preserves the government's immunity from suit with regard to the claims of jail inmates.
¶ 9. In a very similar case the Mississippi Supreme Court applied the "jail inmate exemption" to bar a negligence action against the Town of Raleigh by an inmate who was injured in an automobile accident while in a work release program and sued the Town for damages. Wallace v. Town of Raleigh, 815 So.2d 1203 (¶ 21) (Miss. 2002). The court held:
The Mississippi Tort Claims Act completely bars Wallace, an inmate of the Mississippi Department of Corrections, from bringing a negligence claim against the Town of Raleigh. The language of the statute is unambiguous, and the intent of the Legislature is clear. Inmates have been specifically excluded *74 from bringing such actions against governmental entities. This Court has continuously held there are no constitutional violations, and the challenging party could not prove otherwise. We hold the Town of Raleigh was entitled to a judgment as a matter of law. Therefore, this Court affirms the trial court's grant of summary judgment in favor of the Town of Raleigh
Id.
¶ 10. Whitt was an inmate of the Mississippi State Penitentiary in the custody of the Mississippi Department of Corrections when the accident occurred. Mississippi Code Annotated Section 11-46-9(l)(m), without exception, prohibits all claims from claimants who are inmates at the time the claim arises. We find Whitt's complaint against Dr. John Bearry, Judith Dial, Janice Pierce, Tommie Gordon and John Does 1-3 is therefore barred.

II.
Whether the Circuit Court erred in ruling that the plaintiff's complaint was barred as untimely pursuant to Miss. Code Ann. § 47-5-807.
¶ 11. Our resolution of issue I renders issue II moot.

CONCLUSION
¶ 12. The Mississippi Tort Claims Act completely bars Whitt, an inmate of the Mississippi Department of Corrections, from bringing a negligence action against employees of MDOC from injuries arising out of an incident that occurred while he was incarcerated. We find that the officers, nurses and doctor were acting within the scope and course of their employment and they have absolute immunity under Mississippi Code Annotated Section 11-46-9(l)(m).
¶ 13. THE JUDGMENT OF DISMISSAL WITH PREJUDICE FROM THE CIRCUIT COURT OF YAZOO COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO YAZOO COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.