# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00316-SCT

*LEANORA McCLAIN, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF CARLTON McCLAIN, DECEASED*

*v.*

*STEVEN G. CLARK, M.D., BENNIE B. WRIGHT, M.D., TARENCE E. WADE, M.D., AND BOLIVAR MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/16/2007 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHARLES M. MERKEL, JR. |
| | ALMA WALLS |
| ATTORNEYS FOR APPELLEES: | JAMES LAWRENCE WILSON, IV |
| | TOMMIE WILLIAMS |
| | L. CARL HAGWOOD |
| | JASON EDWARD DARE |
| | ANASTASIA G. JONES |
| | KIMBERLY NELSON HOWLAND |
| | JAMES A. BECKER, JR. |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 10/16/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND LAMAR, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     In this wrongful-death action, Plaintiff Leanora McClain appeals a judgment from the Circuit Court of Bolivar County which granted Defendants' motions to dismiss. This

Court considers on appeal whether McClain sufficiently complied with Mississippi Code Annotated Section 11-1-58 (Rev. 2004).

## FACTS AND PROCEDURAL HISTORY

¶2. On May 17, 2004, Carlton McClain died as a result of alleged negligent medical care and treatment by Defendants Steven G. Clark, M.D.; Bennie B. Wright, M.D.; Tarence E. Wade, M.D.; and Bolivar Medical Center. In January 2006, Plaintiff Lenora McClain served Defendants with a notice of claim and certificate of review, pursuant to Mississippi Code Annotated Sections 15-1-36(15) (Rev. 2003) and 11-1-58 (Rev. 2004). In April 2006, McClain filed a wrongful-death complaint. Later that month, McClain filed an amended complaint. Defendants each filed a motion to dismiss. The trial court found that McClain had consulted with at least two medical experts prior to filing her complaint and provided Defendants with copies of the experts' opinions. However, the trial court dismissed the case. The trial court concluded that, since no certificates *accompanied* the complaints, McClain had failed to comply strictly with Mississippi Code Annotated Section 11-1-58(1) (Rev. 2004). The trial court dismissed McClain's action with prejudice after concluding that the statute of limitations had run. McClain appeals the dismissal.

## DISCUSSION

¶3. This Court applies a de novo standard of review to all questions of law, including motions to dismiss and summary judgments. *City of Jackson v. Perry*, 764 So. 2d 373, 375 (Miss. 2000). Application of the statute of limitations is also a question of law. *Sarris v. Smith*, 782 So. 2d 721, 723 (Miss. 2001).

2

**Whether McClain Sufficiently Complied with Mississippi Code Annotated Section 11-1-58.**

¶4.     The applicable law is found in Mississippi Code Annotated Section 11-1-58, which provides:

> (1)     In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, **the complaint shall be accompanied by a certificate** executed by the attorney for the plaintiff declaring that:
>
> > (a)     The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action; or
> >
> > (b)     The attorney was **unable to obtain the consultation required by paragraph (a)** of this subsection because a limitation of time established by Section 15-1-36 would bar the action and that the consultation could not reasonably be obtained before such time expired. A certificate executed pursuant to this paragraph (b) **shall be supplemented** by a certificate of consultation pursuant to paragraph (a) or (c) within sixty (60) days after service of the complaint or the suit shall be dismissed; . . . .
>
> . . .
>
> (7)     The plaintiff, in lieu of serving a certificate required by this section, may provide the defendant or defendants with expert information in the form required by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 11-1-58 (Rev. 2004).

¶5.     Defendants assert that the trial court's order dismissing McClain's action should be affirmed because neither the complaint nor the amended complaint was accompanied by a

certificate as required by Mississippi Code Annotated Section 11-1-58. Defendants assert that precedent is clear that Section 11-1-58 requires strict compliance.

¶6.    This Court previously had required strict compliance with Section 11-1-58 in that a certificate of review must accompany the complaint. *See, e.g., **Caldwell v. N. Miss. Med. Ctr., Inc.***, 956 So. 2d 888 (Miss. 2007). However, most recently, this Court has held that the Mississippi Constitution dictates that the Legislature may not promulgate procedural statutes which require dismissal of a complaint. ***Wimley v. Reid***, No. 2007-CA-00593-SCT, slip op. at 5-7 (Miss. Sept. 18, 2008). Accordingly, "a complaint otherwise properly filed, may not be dismissed . . . simply because the plaintiff failed to attach a Certificate or Waiver, pursuant to Section 11-1-58."[1] ***Wimley***, slip op. at 7.

¶7.    The plaintiff must nevertheless comply with the pre-suit requirements of Section 11-1-58, ***Wimley***, slip op. at 8-9, and compliance is attested to by a certificate of review. Miss. Code Ann. § 11-1-58 (Rev. 2004). We find that McClain, who served her certificate of review in January 2006 before she filed suit in April 2006, satisfied the pre-suit requirements of Section 11-1-58. In accordance with the intervening change in the law, the trial court should not have dismissed McClain's complaint.

¶8.    Dismissal with prejudice might be in order as to Clark. Clark argued in his motion to dismiss as well as on appeal that the applicable statute of limitations as to him was the one-year period prescribed by the Mississippi Tort Claims Act in Mississippi Code Annotated Section 11-46-11 (Rev. 2002). He argued that as of February 1, 2004, prior to the alleged

---

[1]***Wimley,*** a decision issued after the briefing in this case, governs the case at bar. *See **Cleveland v. Mann***, 942 So. 2d 108, 113 (Miss. 2006) ("all judicial decisions apply retroactively unless the Court has specifically stated the ruling is prospective").

4

negligence in this case, he became an employee of Delta Regional Medical Center, a "political subdivision" under Section 11-46-1(i), and at all times when he treated McClain, he was acting as an employee of Delta Regional Medical Center. Clark and the plaintiff disputed this fact repeatedly in trial court. The trial court stated in its Order that because McClain's failure to attach a certificate of review/consultation was common to all defendants and was fatal to her complaint, the trial court did not need to consider the issues in the motion to dismiss filed separately on behalf of Clark. On remand, the trial court needs to determine whether at the time of the alleged negligent conduct – from April 9, 2004, until May 17, 2004 – Clark was an employee of a state entity covered by the Mississippi Tort Claims Act. If so, the trial court must further determine whether the statute of limitations has run as to Clark as prescribed by Mississippi Code Annotated Section 11-46-11 (Rev. 2002).

## CONCLUSION

¶9.     For the reasons above, we reverse and remand for further proceedings consistent with this opinion.

¶10.    **REVERSED AND REMANDED.**

**WALLER AND DIAZ, P.JJ., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., CONCURS IN PART AND IN RESULT.**