997 So.2d 996 (2008)
Debra W. ELLIS, Executrix of the Estate of Willie B. Woodruff, Deceased, George Mitchell, James Mitchell, M.D. And Betty Mitchell, Individually and on Behalf of all other Wrongful Death Beneficiaries, Appellants
v.
MISSISSIPPI BAPTIST MEDICAL CENTER, INC. and Mississippi Baptist Health Systems, Inc. d/b/a Baptist Medical Center, Appellees.
No. 2007-CA-01315-COA.
Court of Appeals of Mississippi.
December 16, 2008.
*997 Barry H. Powell, Jackson, attorney for appellants.
D. Collier Graham, Jackson, attorney for appellees.
Before KING, C.J., IRVING and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Debra W. Ellis filed a medical malpractice suit against Mississippi Baptist Medical Center, Inc., and Mississippi Health Systems, Inc., (collectively referred to as "Baptist") on behalf of the Estate of Willie B. Woodruff, deceased, and all wrongful death beneficiaries. Baptist filed a motion to dismiss the action, and the trial court granted the motion. Aggrieved, Ellis appeals, raising one issue:
Whether the trial court erred by dismissing Ellis's lawsuit when Ellis omitted the required certificate of consultation when filing her original complaint but subsequently filed the required certificate with her third amended complaint.
Finding error, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
¶ 2. On January 24, 2005, Ellis filed a medical malpractice claim against Baptist and the Community Nursing Home Foundation. Ellis alleged that Woodruff, her mother, was admitted to Baptist Medical Center on December 24, 2002, through January 6, 2003, and January 8, 2003, through January 26, 2003. Ellis also claimed that her mother was a resident at Community Nursing Home from October 28, 2002, to January 26, 2003. Ellis argued that Baptist and Community Nursing Home breached their duty to her mother to provide her adequate medical care and nursing home care, which caused Woodruff *998 to develop large decubitus ulcers that ultimately caused her death. Ellis failed to file a certificate of consultation, which is required in medical malpractice actions, stating that her attorney consulted with a qualified medical expert and concluded that there was a reasonable basis for the action.
¶ 3. Ellis filed an amended complaint on February 14, 2005. The only difference between the original complaint and the amended complaint is that Ellis stated that Community Nursing Home did not have a registered agent for service of process. In response, Community Nursing Home filed a motion to dismiss Ellis's suit and raised several defenses, which included the following: Community Nursing Home did not operate the nursing home that cared for the decedent; Ellis failed to provide Community Nursing Home with sixty days' notice; and Ellis failed to file the required certificate of expert consultation. On February 28, 2005, Baptist answered the amended complaint, arguing that Ellis's complaint should be dismissed because Ellis failed to state a claim upon which relief could be granted and that the claim was time-barred.
¶ 4. On March 21, 2005, Ellis filed a motion to file a third amended complaint, which simply stated that the third amended complaint would include additional plaintiffs. A copy of the proposed amended complaint was attached to the motion and included a certificate of consultation. Within two days, the trial court granted Ellis's motion to file a third amended complaint.
¶ 5. On April 7, 2005, Baptist answered the third amended complaint, which was verbatim to its answer to the second amended complaint. On July 21, 2006, Community Nursing Home filed a supplemental motion to dismiss, which reasserted its defenses against Ellis. Thereafter, on August 8, 2006, Baptist filed a motion to join Community Nursing Home's motion to dismiss and argued that Ellis's original and first amended complaint were a nullity because Ellis failed to attach a certificate of consultation.
¶ 6. On September 14, 2006, the trial court granted Community Nursing Home's motion to dismiss, but the trial court did not dismiss Baptist at this time. Shortly thereafter, Ellis filed a response to Baptist's motion to dismiss, arguing the following: (1) prior to Ellis filing the third amended complaint, Baptist failed to specifically raise Ellis's failure to file the certificate of consultation as a defense; (2) Ellis filed the required certificate of consultation with her third amended complaint, and the amendment related back to the original complaint; and (3) Ellis maintained that Baptist could not now complain belatedly about the amendment since Baptist did not object to Ellis's third amended complaint. The trial court granted Baptist's motion and dismissed Ellis's claim with prejudice, stating that Ellis failed to file the required certificate of consultation. Aggrieved, Ellis filed a motion to reconsider the order of dismissal and attached the affidavits of her attorneys and Dr. Carl Ramsey in an effort to prove that she complied with the statute. The trial court denied the motion, and Ellis timely filed this appeal.

ANALYSIS
¶ 7. A motion to dismiss raises an issue of law. Whitt v. Gordon, 872 So.2d 71, 73(7) (Miss.Ct.App.2004) (citing Liggans v. Coahoma County Sheriff's Dep't, 823 So.2d 1152, 1154(5) (Miss.2002)). Therefore, this Court reviews a trial court's grant or denial of a motion to dismiss under a de novo standard of review. Id. "When considering a motion to dismiss, the allegations in the complaint must be *999 taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim." Cmty. Hosp. of Jackson v. Goodlett, 968 So.2d 391, 396(¶ 9) (Miss. 2007) (overruled on other grounds) (citations omitted). Dismissal is proper where the trial judge finds that the plaintiff failed to prove one or more required elements of his claim. Id. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Id.

Whether the trial court erred by dismissing Ellis's lawsuit when Ellis omitted the required certificate of consultation when filing her original complaint but subsequently filed the required certificate with her third amended complaint.
¶ 8. Mississippi Code Annotated section 11-1-58(1)(a) (Supp.2008) provides, in pertinent part, that:
(1) In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:
(a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action....
(Emphasis added).
¶ 9. Ellis argues that the trial court erred by dismissing her lawsuit for three reasons: (1) Baptist did not raise lack of the statutorily required notice as a defense in either its first answer or its answer to Ellis's third amended complaint; (2) Baptist did not object to Ellis's motion to file a third amended complaint; and (3) Ellis's third amended complaint is not time-barred because it relates back to the date of the filing of the original complaint. Conversely, Baptist argues that Ellis's lawsuit was properly dismissed because Ellis did not properly commence the action by filing the certificate of consultation with her original complaint, which is strictly required by statute. Baptist also maintains that the third amended complaint does not relate back to the original complaint; therefore, it is time-barred.
¶ 10. The supreme court previously held that section 11-1-58 required strict compliance and dismissal of a lawsuit was warranted where the plaintiff failed to file the certificate of consultation with the complaint. See Walker v. Whitfield Nursing Ctr., Inc., 931 So.2d 583, 589 (¶¶ 18-19) (Miss.2006); see also Goodlett, 968 So.2d at 397(¶ 13); Caldwell v. N. Miss. Med. Ctr., Inc., 956 So.2d 888, 894-95 (¶¶ 23-25) (Miss.2007). However, the supreme court has recently held that this procedural requirement is unconstitutional, overruling Walker and its progeny. See Wimley v. Reid, 991 So.2d 135, 137-38 (¶¶ 9-16) (Miss.2008); see also McClain v. Clark, 992 So.2d 636 (¶¶ 6-7) (Miss.2008).
¶ 11. In Wimley, the plaintiff failed to file a certificate of consultation or a disclosure of expert information with her complaint. Wimley, 991 So.2d at 136(2). A week after filing her complaint, the plaintiff *1000 sought leave of court to amend her complaint to include the certificate of consultation. Id. The defendant filed a motion to dismiss, arguing that the plaintiff failed to strictly comply with section 11-1-58. Id. The trial court dismissed the lawsuit with prejudice for the plaintiff's failure to strictly comply with the statute. Id. at (¶ 3). On appeal, the supreme court addressed the constitutionality of the procedural rule set forth in section 11-1-58. Id. at (¶ 4).
¶ 12. Based on the doctrine of separation of powers, the supreme court found that only it possessed the power to promulgate rules of procedure. Id. at 138(¶ 12) (quoting Newell v. State, 308 So.2d 71, 76 (Miss.1975)). The Legislature is prohibited "from promulgating procedural statutes which require dismissal of a complaint ... filed in full compliance with the Mississippi Rules of Civil Procedure." Id. at (¶ 14). The supreme court found that the requirement of strict compliancethat a certificate of consultation must accompany the complaint in a medical malpractice lawsuitwas such an unconstitutional procedural statute. Id. Accordingly, the supreme court held that "a complaint, otherwise properly filed, may not be dismissed, and need not be amended, simply because the plaintiff failed to attach a certificate or waiver." Id. at (¶ 16). The supreme court reversed and remanded the case to the trial court to determine if the plaintiff met the pre-suit requirements. Id. at 139(¶ 21).
¶ 13. In McClain, no certificate of consultation accompanied the plaintiff's complaint. McClain, at (¶ 2). The defendants made a motion to dismiss the lawsuit, arguing that the plaintiff failed to strictly comply with section 11-1-58. Id. The trial court found that the plaintiff did consult with experts before filing the lawsuit, which was evidenced by copies of the experts' opinions. Id. However, the trial court dismissed the lawsuit, finding that the plaintiff failed to strictly comply with section 11-1-58 by failing to attach a certificate of consultation to her complaint. Id.
¶ 14. The supreme court followed its holding in Wimley and held that the procedural requirement was unconstitutional. Id. at (¶ 6). Thus, the supreme court found that "`[the] complaint otherwise properly filed, may not be dismissed ... simply because the plaintiff failed to attach a [certificate of consultation],' pursuant to [s]ection 11-1-58." Id. (quoting Wimley, 991 So.2d at 138(16)). Because the plaintiff filed a certificate of review before she filed the lawsuit, the supreme court found that the plaintiff satisfied the pre-suit requirement of section 11-1-58 by consulting with a medical expert before filing suit. Id. at (¶ 7). Thus, the supreme court reversed the trial court's dismissal of McClain's complaint and remanded the case for further proceedings. Id. at (¶ 9).
¶ 15. Based on the recent supreme court decisions in Wimley and McClain, we find that Ellis's complaint should not have been dismissed simply because she did not attach a certificate of consultation to her complaint. However, we must determine if Ellis's attorneys actually complied with section 11-1-58 by consulting with a medical expert before filing the lawsuit and determined there was a reasonable basis for filing the lawsuit. McClain, at (¶ 7) (finding that "[t]he plaintiff must nevertheless comply with the pre-suit requirements of [s]ection 11-1-58").
¶ 16. Although Ellis did not attach her certificate of consultation to her original complaint, the trial court granted Ellis leave of court to amend her complaint. In her third amended complaint, Ellis attached a certificate of consultation, which stated the following:

*1001 I, [the attorney for the plaintiff], declare that I have reviewed the facts of this case and have consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence, whom I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.
The certificate of consultation failed to specifically state whether Ellis's attorneys consulted with the medical expert before the lawsuit was filed.
¶ 17. After the trial court dismissed Ellis's lawsuit against Baptist, Ellis filed a motion to reconsider. In her motion to reconsider, Ellis included affidavits from her attorneys and an affidavit and summary of medical findings from Dr. Ramsey. Ellis's attorneys signed affidavits stating that they conferred with Dr. Ramsey on August 12, 2004, to review the facts of the case. Based on this review, the attorneys concluded that there was a reasonable basis for the commencement of the lawsuit. In his affidavit, Dr. Ramsey stated that he was retained by Ellis prior to August 2004. Dr. Ramsey also stated that he had reviewed Woodruff's medical records and consulted with Ellis's attorneys. In his summary of medical findings, Dr. Ramsey opined that Baptist failed to meet the standard of care when caring for Woodruff in its facilities.
¶ 18. Based on the affidavits and Dr. Ramsey's medical opinion, we find that Ellis is in compliance with section 11-1-58 because Ellis's attorneys consulted with a qualified medical expert before filing the lawsuit in January 2005 and determined that there was a reasonable basis for filing the lawsuit. Therefore, we find that the trial court's dismissal of Ellis's motion to reconsider was error. For the foregoing reasons, we reverse the trial court's dismissal of Ellis's lawsuit against Baptist and remand the case to the trial court for further proceedings consistent with this opinion.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. CHANDLER AND BARNES, JJ., NOT PARTICIPATING.