KING, C.J.,
 

 for the Court:
 

 ¶ 1. Harrison Lewis Jr. filed a complaint in the Circuit Court of Lauderdale County against Dr. Ashar Pasha, alleging libel and medical malpractice. The trial court dismissed the complaint as time-barred. Aggrieved, Lewis appeals, raising two issues:
 

 I. Whether the trial court erred by finding his claim for libel to be barred by the statute of limitations, and
 

 II. Whether the trial court erred by finding his claim for medical malpractice to be barred by the statute of limitations.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On March 14, 2006, Dr. Pasha conducted an examination of Lewis for the Social Security Administration in connection with Lewis’s claim for disability benefits. Lewis complained of pain in both of his feet, stemming from a 1992 automobile accident. In Dr. Pasha’s medical examina
 
 *1290
 
 tion report, he noted Lewis’s medical history, including the fact that Lewis had been previously treated for alcohol abuse and smoking. Dr. Pasha also noted that Lewis still drank and smoked occasionally. The report indicated that Lewis was scheduled to have x-rays of his feet done that day.
 

 ¶ 3. Dr. Pasha states that his report was submitted to the Social Security Administration on March 15, 2006. Lewis does not dispute this claim. Subsequently, Lewis was denied disability benefits. Thereafter, Lewis continued to apply for disability benefits year after year until his request was finally granted in 2009.
 

 ¶4. On May 26, 2009, Lewis filed a complaint against Dr. Pasha in which he alleged libel and medical malpractice. Lewis argued that the statements contained in Dr. Pasha’s 2006 report alleging a history of alcohol abuse and smoking were untrue, malicious, and defamatory. Lewis also argued that Dr. Pasha’s false report to the Social Security Administration amounted to medical malpractice.
 

 ¶ 5. On June 10, 2009, Dr. Pasha filed a motion to dismiss, arguing that Lewis’s claims for libel and medical malpractice were time-barred. A hearing on the motion to dismiss was held on July 27, 2009. During the hearing, Lewis stated that he did not have access to Dr. Pasha’s 2006 report, and he did not learn about the damaging statements contained in the report until March 2009. On cross-examination, Lewis stated that nothing prevented him from obtaining the 2006 report; he did not request the report; and the Social Security Administration did not send the report to him. Lewis also admitted that he did not follow the notice requirements for filing a medical-malpractice claim, and he did not have a medical expert to review his medical records to determine whether he had a claim.
 

 ¶ 6. The trial court found that Lewis failed to file his complaint within the applicable statute of limitations and failed to follow statutory notice requirements. Based on the foregoing, the trial court dismissed Lewis’s claims for libel and medical malpractice as time-barred. Proceeding pro se, Lewis timely filed his notice of appeal.
 

 ANALYSIS
 

 ¶ 7. We review the trial court’s grant or denial of a motion to dismiss under a de novo standard of review.
 
 Ellis v. Miss. Baptist Med. Ctr., Inc.,
 
 997 So.2d 996, 998 (¶7) (Miss.Ct.App.2008). “When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim.”
 
 Id.
 
 (citation omitted).
 

 I. Libel
 

 ¶ 8. Lewis argues that the trial court erred by dismissing his claim for libel as time-barred. Specifically, Lewis claims that the statute of limitations was tolled until he learned about the statements contained in Dr. Pasha’s report in March 2009. Conversely, Dr. Pasha argues that Lewis’s claim does not meet the exception to the one-year statute of limitations. Thus, his claim is time-barred.
 

 ¶ 9. Mississippi Code Annotated section 15-1-35 (Rev.2003) provides a one-year statute of limitations for claims of libel. Usually, the statute of limitations for a libel claim begins to run at the time of first publication.
 
 Ellisville State Sch. v. Merrill,
 
 732 So.2d 198, 200 (¶ 14) (Miss. 1999). However, there is an exception which tolls the statute of limitations “in that limited class of libel cases in which,
 
 *1291
 
 because of the secretive or inherently un-discoverable nature of the publication the plaintiff did not know, or with reasonable diligence could not have discovered, that he had been defamed.”
 
 River Oaks Convalescent Ctr., Inc. v. Coahoma County,
 
 280 F.Supp.2d 565, 568 (N.D.Miss.2003) (citing
 
 Staheli v. Smith,
 
 548 So .2d 1299, 1303 (Miss.1989)).
 

 ¶ 10. Lewis’s libel claim stems from statements Dr. Pasha made in his 2006 medical examination report regarding Lewis’s alleged history of alcohol abuse and smoking. Dr. Pasha states that his report was published to the Social Security Administration on March 15, 2006, and Lewis does not refute this claim. Lewis did not file his complaint against Dr. Pasha regarding these allegedly libelous statements until May 26, 2009, which is more than one year after the publication of the report.
 

 ¶ 11. Lewis claims that he did not learn of Dr. Pasha’s statements until March 2009. However, during the hearing on the motion to dismiss, Lewis responded to questioning as follows:
 

 Q. Now, at the Social Security hearing, you had access to all the records that you could have looked at; [is that not] correct?
 

 A. I could have looked at them, but I [did not]. They [did not] send them to me.
 

 Q. Dr. Pasha [did not] prohibit you from looking at them, did he?
 

 A. No, he [did not.]
 

 Q. And you never went to Dr. Pasha’s office and signed a consent to obtain the records, did you?
 

 A.... [T]hat was not my obligation. It was the obligation of the Social Security [Administration] to notify me why Dr. Pasha[,] who was employed by them[,] to notify me [sic]. I [do not] have to hunt down the dog. The dog supposed to hunt down me [sic].
 

 ¶ 12. Lewis has failed to provide this Court with any evidence in support of his claim. Based on the foregoing, it is clear that, using reasonable diligence, Lewis could have obtained Dr. Pasha’s report in 2006 and discovered the allegations of smoking and alcohol abuse. Lewis had one year from the date of publication to file his complaint for libel, and he failed to do so. Thus, we find that the trial court properly dismissed the claim as time-barred. This issue is without merit. ■
 

 II. Medical Malpractice
 

 ¶ 13. Lewis argues that the trial court erred by dismissing his claim for medical malpractice, claiming that it was timely and that he gave proper notice. Dr. Pasha argues that Lewis failed to file his claim within the applicable statute of limitations, and Lewis failed to give notice as required by statute.
 

 ¶ 14. Mississippi Code Annotated section 15-1-36(2) (Rev.2003) provides, in pertinent part, that:
 

 For any claim accruing on or after July 1, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a licensed physician ... for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date of the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered....
 

 In addition, Mississippi Code Annotated section 15-1-36(15) (Rev.2003) provides, in pertinent part, that “[n]o action based upon the health care provider’s professional negligence may be begun unless the defendant has been given at least sixty (60) days’ prior written notice of the intention to begin the action.”
 

 
 *1292
 
 ¶ 15. Lewis claims that Dr. Pasha committed medical malpractice by filing the allegedly libelous report with the Social Security Administration. As previously held, Lewis could have discovered Dr. Pasha’s report with reasonable diligence in 2006. Lewis filed his medical-malpractice claim approximately three years later on May 26, 2009. Additionally, during the hearing on the motion to dismiss, Lewis admitted that he did not follow the notice requirements pursuant to section 15-1-36(15). Because Lewis’s medical-malpractice claim was time-barred, we find that the trial court properly dismissed the action. This claim is without merit.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.