Daries F. **MITCHELL,** Plaintiff,

v.

**UNITED PARCEL SERVICE,**
et al., Defendant.

No. CIV. A. 2:97CV183PG.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Aug. 25, 1998.

for breach of contract. *See Ogea; Tullier;* and

paragraph 13 of the Contract.

Daries F. Mitchell, Belle Chasse, LA, pro se.

Mark A. Nelson, Bryan, Nelson, Randolph and Weathers, Hattiesburg, MS, Mark W. Mercante, Richard J. Tyler, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, John L. Clay, Office of the Attorney General, Jackson, MS, Leonard Charlton Vincent, Mississippi Department of Corrections, Parchman, MS, Jane L. Mapp, Mississippi Attorney General's Office, Jackson, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment. The Court, having reviewed the motion, the briefs, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

## FACTUAL BACKGROUND

In 1996, Plaintiff was an inmate at South Mississippi Correctional Facility ("SMCF") in Leakesville, Mississippi. During the latter part of 1996, Plaintiff had an appeal pending in the United States Court of Appeals for the Fifth Circuit from a lawsuit in which he contended that personal property was taken from him "while being extradited from Louisiana to Mississippi."

Plaintiff alleges that the Fifth Circuit was to have shipped him certain documents that would have permitted him to "make the nexus" between a second case brought by Plaintiff, which Plaintiff believed had some relevance to his 1996 appeal. Plaintiff requested the that the records be provided to him before a deadline of January 15, 1997. According to the defendants, on December 16, 1996, the Fifth Circuit attempted to ship Plaintiff the requested case file of *Mitchell v. Lumkin* (Cause No. 96–606372) through United Parcel Services ("UPS") under the Fifth Circuit's shipper number, 710–236. Nevertheless, Plaintiff did not receive the package before the deadline, and Plaintiff now claims that the defendant, UPS, played a role in deliberately concealing the record from him until the deadline had passed.

Plaintiff alleges that the Fifth Circuit shipped the documents to him via UPS, but that he did not timely receive these documents due to deliberate concealment by UPS and the Mississippi Department of Corrections. As a result, Plaintiff filed suit based on 42 U.S.C. sections 1983, 1985 and 1986 against UPS and numerous other defendants, including the Superintendent of the SMCF, the Commissioner of the Mississippi Department of Corrections, and the prison employees who process the mail.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986). "The mere existence of a disputed factual issue ... does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986). "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation,* 812 F.2d 265, 272 (5th Cir.1987).

To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978). Stated another way, the nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. *See, e.g.,* Fed.R.Civ.P. 56(e); *Union Planters Nat. Leasing v. Woods,* 687 F.2d 117, 119 (5th Cir.1982).

### LEGAL ANALYSIS

### I. *PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983*

In order to recover under section 1983, Plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *See Landry v. A–Able Bonding, Inc.,* 75 F.3d 200, 203 (5th Cir.1996) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978)). Even if the Court assumes that Plaintiff can prove that he was deprived of a federally protected right, in order to satisfy his additional burden of proving that the alleged deprivation occurred under color of state law, Plaintiff must also demonstrate that the conduct which caused the deprivation was "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). Therefore, the dispositive issue that must be decided is "[w]hether the alleged infringement of federal rights stemmed from conduct fairly attributable to the state." *Yeager v. McGregor,* 980 F.2d 337, 339 (5th Cir.1993) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 938, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982)). Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *See Lugar,* 457 U.S. at 937, 102 S.Ct. 2744.

The courts have adopted a variety of guidelines for determining whether an individual or entity acted on behalf of the state for purposes of affixing section 1983 liability. Among the most prominent guidelines of state actor status are the exclusive government function concept, the nexus test, the symbiotic relationship test and the joint action test. Nevertheless, after a thorough review of the record, the court finds that there are no genuine issues of material fact as to whether the above guidelines are applicable or as to whether UPS is a state actor within the currently defined confines of a section 1983 claim.

The record before the Court establishes that UPS is a private company who does not exercise a state right or privilege in its delivery of parcels. UPS is not affiliated with any state or governmental entity, and no state government entity is responsible for the actions of UPS. Furthermore, no state entity imposes upon UPS a standard of conduct, which could have caused the plaintiff's alleged deprivation. In the case *sub judice,* the record shows that UPS did not, prior to delivery, communicate with any prison officials or prison employees concerning the package at issue. UPS merely performed its contract of carriage with the Fifth Circuit and delivered the package to the provided address.

In sum, Plaintiff does not allege, and there are no facts to establish, that UPS's alleged failure to deliver the court records were caused by the exercise of any state right, by a state imposed rule of conduct, or by a person for whom the state is responsible. Based on the record before the Court, UPS's conduct cannot be fairly attributable to the state. There are no genuine issues of material fact to be determined. Therefore, summary judgment should be granted as to Plaintiff's section 1983 claims.

## II. PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §§ 1985 and 1986

In order to prevail under 42 U.S.C. section 1985(3), Plaintiff must demonstrate the following: (1) that the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus. *See, e.g., Wong v. Stripling,* 881 F.2d 200, 202 (5th Cir.1989) (citing *United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)).

In order to establish a conspiracy under section 1985(3), Plaintiff must prove that the co-conspirators agreed, either expressly or tacitly, to commit acts which will deprive the plaintiff of equal protection of the law. *See Johnson v. Danos & Curole Marine Contractors, Inc.,* 1993 WL 292993, at *3 (E.D.La.1993). However, in the case *sub judice,* there has been no evidence offered by Plaintiff to establish that UPS was involved in a conspiracy to deprive Plaintiff of any law or privilege under the law. No evidence has been presented which establishes that UPS agreed with the prison officials to deprive Plaintiff of equal protection of the laws. Instead, all evidence is to the contrary. According to affidavits presented by the defendant, UPS did not communicate with any prison officials or employees concerning the contents of the parcel at issue, and UPS had no knowledge that Plaintiff needed the package to proceed with litigation.

Furthermore, even if the Court were to find that there were genuine issues of material fact as to whether a conspiracy existed, Plaintiff still may not recover because there are no facts which establish that the conspiracy was motivated by a class-based animus. *See, e.g., Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Section 1985(3) applies to conspiracies to deny equal protection of the laws, and there must be some racial or other class-based animus behind the conspiracy. *See United Brotherhood of Carpenters v. Scott,* 463 U.S. 825, 834, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983). Yet, Plaintiff does not allege and there is no evidence to establish that the alleged actions taken against Plaintiff were because of his membership in a particular class. In short, the record before the Court has no facts which suggest that the alleged conspiracy was motivated by a class-based animus.

In light of the above, Plaintiff cannot sustain a claim based on 42 U.S.C. section 1985(3). Therefore, Defendant is entitled to summary judgment as to Plaintiff's claims under 42 U.S.C. section 1985(3). Additionally, because Plaintiffs ability to maintain a 42 U.S.C. section 1986 action is dependent on whether he can maintain his section 1985 claim, Plaintiff's remaining claims for relief under 42 U.S.C. section 1986 must fail as well. *See, e.g., Rhodes v. Mabus,* 676 F.Supp. 755, 760 (S.D.Miss.1987). Therefore, Defendant's Motion for Summary Judgment is granted. UPS is dismissed from this matter.

**For the reasons stated above, Defendant's Motion for Summary Judgment against Plaintiff should be and is hereby GRANTED.**