899 So.2d 922 (2005)
Julian HARVISON, Appellant,
v.
GREENE COUNTY SHERIFF DEPARTMENT; Greene County; and Jennifer Fortinberry, Dispatcher, Appellees.
No. 2003-CA-01556-COA.
Court of Appeals of Mississippi.
March 22, 2005.
*923 John Hubert Anderson, Hattiesburg, attorney for appellant.
Scott Timothy Ellzey, James Grady Wyly, Gulfport, attorneys for appellees.
Before KING, C.J., IRVING and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Julian Harvison appeals from an order of dismissal by the Circuit Court of Greene County and asserts the following issue, which we quote verbatim:
I. The trial court erred in dismissing the complaint for not having stated a cause of action.
¶ 2. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 3. On March 23, 2000, Harvison alleges that he was improperly arrested and incarcerated at the Greene County Jail. While *924 incarcerated Harvison was bitten on the finger by another inmate and claims he was not given "immediate assistance" for his injuries by the Greene County Sheriff's Office. Harvison alleges that once he received assistance it was not significant, thus his rights pursuant to 42 U.S.C. Section 1983 and Section 1985 were violated as well as his rights under the 8th and 14th amendments.
¶ 4. On June 21, 2001, Harvison filed a complaint under the Mississippi Tort Claims Act, codified in Mississippi Code Annotated Sections 11-46-1-23 (Rev.2002), against the Greene County Sheriff's Office, and the Sheriff of Greene County in the Circuit Court of Greene County, alleging that he suffered damages in the amount of $6,000,000. After a hearing, on October 17, 2002, the trial judge granted the defendant's motion to dismiss pursuant to a claim of governmental immunity under Mississippi Code Annotated Section 11-46-9(m) (Rev.2002), but allowed Harvison thirty days to amend his complaint.
¶ 5. On November 18, 2002, Harvison filed an amended complaint adding additional defendants, Jennifer Fortinberry, Dispatcher, Christine Bullock, Dispatcher, X, XX, and XXX, "being deputies or others involved in the arrest and care of Julian Harvison." Harvison's amended complaint was factually similar to his original complaint, with the added allegation that his constitutional rights were violated under the 8th and 14th amendments.
¶ 6. On June 4, 2003, on motion by the defendants Jennifer Fortinberry, Greene County Sheriff's Department, and Greene County, the trial judge dismissed Harvison's complaint pursuant to Mississippi Rule of Civil Procedure Rule 12(b)(6). The trial judge held that Harvison's claims against Jennifer Fortinberry, the Greene Sheriff's Department, and Greene County were barred pursuant to Mississippi Code Annotated Section 11-46-9. The trial judge also held that Harvison's federal allegations were insufficient to state a claim against a governmental entity for violations of his constitutional rights.

ISSUES AND ANALYSIS

I.
The trial court erred in dismissing the complaint for not having stated a cause of action.
¶ 7. Harvison contends that the trial judge erred in dismissing his complaint because the Greene County Sheriff's Department placed him in the cell with a violent inmate who in turn bit him on the finger. That after having been bitten he was not given immediate medical assistance in violation of his constitutional rights, and rights under Mississippi Code Annotated Sections 47-1-27(Rev.2004)[1], 19-25-35(Rev.2003)[2], and *925 47-1-57(Rev.2004)[3].
¶ 8. While the duties delineated in Mississippi Code Annotated Sections 47-1-27, 19-25-35, and 47-1-57 still exist, they do not give rise to a tort action because the Mississippi Tort Claims Act specifically excludes claims arising under state law while a person is lawfully incarcerated in a penal facility. See Miss.Code Ann. Section 11-46-9(m) (Rev.2001). Since Mississippi Code Annotated Sections 47-1-27, 19-25-35, and 47-1-57 were adopted respectively in 1906, 1848, and 1848, and the MTCA was adopted in 1984, "new legislation must be presumed to have been enacted in light of earlier enactments," and where statutory provisions are in irreconcilable conflict, the more recently enacted and more specific statute controls over an earlier and more general statute. Parkerson v. Smith, 817 So.2d 529, 533(¶ 10) (Miss.2002). "Thus the MTCA preserves the government's sovereign immunity with regard to the claims of jail inmates." Liggans v. Coahoma County Sheriff's Dept., 823 So.2d 1152,1155(¶ 6) (Miss.2002). Therefore, Harvison's state claims are barred pursuant to the MTCA.
¶ 9. We now consider Harvison's claims that his 8th and 14th amendment rights were violated. Section 1983 is a private right of action for redressing violations of the United States Constitution and federal law by those acting under color of state law. The statute is not a source of substantive rights but "merely provides a method for vindicating already conferred federal rights." Bauer v. Texas, 341 F.3d 352, 357 (5th Cir.2003). Harvison contends that his rights secured by the eighth and fourteenth amendments to the United States Constitution were violated by Greene County, the Greene County Sheriff's Department, and Jennifer Fortinberry, dispatcher.
¶ 10. As a pre-trial detainee, and not a convicted prisoner, Harvison's rights are not derived from the 8th amendment. Instead, the rights of a pretrial detainee are to be found in the 14th amendment. See Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Clark v. McMillin, 932 F.Supp. 789, 790 (S.D.Miss.1996). Those due process rights afforded to a pretrial detainee are "at least as great as the 8th amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hospital, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). Included within those due process rights is the right to reasonable protection from injury by other inmates and appropriate medical care.
¶ 11. A governmental entity is only liable under Section 1983 for injuries caused by its policy or custom. Williams v. Lee County Sheriff's Dep't., 744 So.2d 286, 298(¶ 34) (Miss.1999). "A local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents." Id. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or *926 by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983." Id. Harvison has only alleged that his injury arises out of not receiving "significant" medical attention, he has not alleged that any official policy of the Greene County Sheriff's Office lead to any constitutional deprivation, therefore his Section 1983 claim must fail.
¶ 12. Harvison's claim against the individual defendant, Jennifer Fortinberry is governed by Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir.1996). The Hare court stated, "When ... a pretrial detainee's claim of failure to provide medical care or protection from violence does not challenge a condition, practice, rule, or restriction, but rather attacks the episodic acts or omissions of a state jail official, the question is whether that official breached his constitutional duty to tend to the basic human needs of persons in his charge." Id. at 645. The Court concluded that "the episodic act or omission of a state jail official does not violate a pretrial detainee's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs." Id. at 647, 648. Harvison's attack is not against a rule or condition of the sheriff's department, but rather the omission of jail officials to render him significant medical attention. Therefore, he must allege that the jail officials acted with deliberate indifference to his needs. The standard to demonstrate deliberate indifference as set forth in Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001) states:
Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference.
Id. (internal citations omitted). Harvison's allegations of a violation of the fourteenth amendment do not comport with the stringent requirements necessary to maintain a claim of deliberate indifference by the individual defendant. There is no merit in Harvison's argument that his fourteenth amendment rights were violated.
¶ 13. In order to pursue a viable Section 1985 claim Harvison must demonstrate the following:
(1) that the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus.
Mitchell v. United Parcel Service, 21 F.Supp.2d 627, 630 (S.D.Miss.1998). "In order to establish a conspiracy under Section 1985(3), Plaintiff must prove that the co-conspirators agreed, either expressly or tacitly, to commit acts which will deprive *927 the plaintiff of equal protection of the law." Id. In the case sub judice, there has been no evidence offered by Harvison to establish that the defendants conspired to deprive him of any right or privilege under the law. No evidence is presented that the jail officials conspired to provide insignificant medical attention to Harvison, therefore his claim of an alleged violation of Section 1985 is likewise meritless.
¶ 14 There was no error in the trial judge's dismissing Harvison's complaint pursuant to Mississippi Rules of Civil Procedure Rule 12(b)(6). The defendants were protected by immunity under state law, and there is no merit to Harvison's claims of alleged violations of the eighth, or fourteenth amendments.
¶ 15 THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] Miss.Code Ann. § 47-1-27. Maltreatment Forbidden. An official, or guard, or other employee, having the custody of any county prisoner, or any official or employee of the county having custody of any county prisoner, who shall maltreat or abuse any such convict, or who shall knowingly permit the same to be done, or who being under duty to provide sufficient and wholesome food, clothing, shelter, bathing facilities, or medical attention to such convict, shall wilfully fail to furnish the same to such convict, shall be deemed guilty of a misdemeanor, and on conviction shall be fined in any sum not less than ten (10) nor more than five hundred dollars ($500.00), or shall be imprisoned not less than one (1) month, or shall suffer both such fine and imprisonment, at the discretion of the court, and it shall be the duty of the judge of the circuit court of such county to so charge the grand jury.
[2] Miss.Code Ann. § 19-25-35. Duty of sheriff to attend courts, jail committed persons, and to execute orders and decrees. The sheriff shall be the executive officer of the circuit and chancery court of his county, and he shall attend all sessions thereof with a sufficient number of deputies or bailiffs. He shall execute all orders and decrees of said courts directed to him to be executed. He shall take into his custody, and safely keep, in the jail of his county, all persons committed by order of either of said courts, or by process issuing therefrom, or lawfully required to be held for appearance before either of them.
[3] Miss.Code Ann. § 47-1-57. Furnishing of medical aid to prisoners; nurse screening for county prisoner for nonemergency medical complaints. (1) When any person confined in jail shall be in need of medical or surgical aid, the sheriff shall immediately examine the condition of such prisoner and, if he is of the opinion that the prisoner needs such aid, he shall call in a nurse or physician to attend him....