995 So.2d 733 (2007)
Willie Lee BROOKS, Appellant,
v.
Ronnie PENNINGTON, as Sheriff of Rankin County, Mississippi, Rankin County, Mississippi, and Western Surety Company, Appellees.
No. 2006-CA-00396-COA.
Court of Appeals of Mississippi.
May 29, 2007.
Rehearing Denied May 27, 2008.
Certiorari Granted September 4, 2008.
Certiorari Dismissed as Improvidently Granted December 4, 2008.
*735 David C. Dunbar, Jackson, Benny McCalip "Mac" May, attorneys for appellant.
J. Lawson Hester, Jacqueline H. Ray, Jackson, attorneys for appellees.
EN BANC.
ROBERTS, J., for the Court.

FACTS
¶ 1. On January 19, 2004, Willie Lee Brooks was cited by the Flowood Police *736 Department for driving under the influence (DUI), third offense, and other charges. Following his arrest, Brooks secured a bond in the amount of $40,000 on the DUI charge and $3,000 on the other charges for his release from jail pending adjudication of the charges against him. Under the agreement between his bail bondsman, the bonding company, and Brooks, Brooks was to pay an approximate total of $4,025 to obtain the bond. By agreement with the bail bondsman, Brooks initially paid $1,825, signed a promissory note for $2,500, and was released on or about January 23, 2004. On January 29, 2004, Brooks appeared in the Municipal Court of Flowood for his preliminary hearing and pled guilty to DUI, second offense. The third offense DUI was reduced by the prosecutor to DUI, second offense, which is a misdemeanor. He was ordered to pay a fine and was sentenced to six months in the Rankin County jail, with five months of that time suspended, and twelve months probation. All pending charges were concluded by his guilty plea. Brooks was immediately returned to the Rankin County jail to serve out the remaining twenty five days of his thirty days on incarceration, having received credit for his initial five days of jail time.
¶ 2. Upon release from jail, Brooks made sporadic payments to his bail bondsman. As of September 10, 2004, Brooks had paid $1,250 on the note and owed $1,250. Approximately seven months after his release, on September 28, 2004, Brooks's licensed, professional bail bondsman, Edward Neal Martin, arrested him, took him into custody, and filed a surrender of bond by bail bond surety with the Rankin County jail. Martin claimed that Brooks violated bond procedures and rules by failing to stay in contact with the bonding company and not reporting weekly. Brooks claims that a motivating reason for Martin's action was his failure to pay Martin. Brooks was held at the Rankin County jail from September 28, 2004, until January 20, 2005. He was finally released after an attorney informed the sheriff's department that Brooks had already served his sentence for DUI. Brooks testified that during his time in prison he told jail personnel, as well as the sheriff, that he was being wrongfully imprisoned.

PROCEDURAL HISTORY
¶ 3. On September 28, 2005, Brooks filed a complaint in the Rankin County Circuit Court against Ronnie Pennington, as Sheriff of Rankin County, Rankin County, and Western Surety alleging claims of negligence, gross negligence, recklessness, reckless disregard, negligence per se, wrongful detention, false imprisonment, abuse of process, false arrest, and deprivation of constitutional rights. Brooks argues that Western Surety is a responsible party because it provided Sheriff Pennington's official bond securing the faithful performance of his duties as sheriff. Brooks filed a motion for recusal of the trial judge on November 8, 2005, and an amended motion for recusal on November 23. The defendants filed for summary judgment on January 12, 2006. Brooks's motion to recuse was denied on February 16, 2006. On that same day, the trial judge granted summary judgment based on two provisions of the Mississippi Tort Claims Act (MTCA), specifically section 11-46-9(1)(m) which provides for no waiver of immunity "of any claimant who at the time the claim arises is an inmate of any detention center, jail . . .," and section 11-46-9(1)(c) which provides for no waiver of immunity "arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of *737 any person not engaged in criminal activity at the time of injury." Miss.Code Ann. §§ 11-46-9(1)(c) & (m) (Rev.2002).
¶ 4. Brooks now appeals to this Court citing the following issues: (1) the trial court erred in finding as a matter of law that the MTCA provides immunity to the defendants; (2) even if the trial court were correct in finding that the MTCA provides immunity to the defendants, the trial court erred because the plaintiff's proof creates a genuine issue of material fact on whether that immunity is nevertheless waived inasmuch as defendants' conduct was wanton and/or reckless; and (3) the trial court erred in failing to recuse itself because a reasonable person, knowing all of the circumstances of this case, would harbor doubts about the trial court's impartiality.

I. DID THE TRIAL COURT ERR IN FINDING THAT THE MISSISSIPPI TORT CLAIMS ACT PROVIDED IMMUNITY TO THE DEFENDANTS?
¶ 5. In his first issue on appeal, Brooks argues that the defendants are not immune from liability under the provisions of the MTCA because he was never lawfully incarcerated. Further, Brooks argues that statutory immunity does not apply because under the plain meaning of Mississippi Code Annotated Section 11-46-9(1)(m), immunity only applies if the claimant is an inmate "at the time the claim arises." He asserts that his claim arose before he became an inmate, and since he was never lawfully incarcerated, he was never a lawful inmate.
¶ 6. The relevant provision of the MTCA, Section 11-46-9(1)(m), states:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
. . .
(m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.
(emphasis added). Although this issue has not been specifically addressed by our Court, this Court has stated in dicta that "the Mississippi Tort Claims Act specifically excludes claims arising under state law while a person is lawfully incarcerated in a penal facility." Harvison v. Greene County Sheriff Dep't, 899 So.2d 922, 925(¶ 8) (Miss.Ct.App.2005) (emphasis added). Brooks alleges that he was not lawfully incarcerated and, thus, Section 11-46-9(1)(m) does not apply to him and sovereign immunity is not applicable.
¶ 7. While it is true that Brooks was wrongfully taken to jail by Martin, his bail bondsman, we take this opportunity to clarify the descriptive language used in Harvison concerning the legal status of an inmate's incarceration. In granting immunity from claims brought by an inmate, Section 11-46-9(1)(m) does not distinguish between those lawfully and those unlawfully within the custody of the state. Any indication otherwise in Harvison was nothing more than dicta. However, we find that section 11-46-9(1)(m) is, nevertheless, inapplicable to the facts before us. We conclude that Brooks's claims arose at the moment the Rankin County deputy/jailor accepted custody of Brooks based on Martin's surrender of him.
¶ 8. A cause of action accrues "when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." American Home Prods. Corp. v. Sumlin, 942 So.2d 766(¶ 12) (Miss.2006) (citations omitted). *738 Specifically, a "complaint for false arrest and false imprisonment accrue[s] on the date of arrest." Parker v. Mississippi Game & Fish Comm'n, 555 So.2d 725, 727 (Miss.1989). Martin surrendered Brooks to the Rankin County Sheriff's Department on September 28, 2004. At the moment the Rankin County Sheriff's Department accepted Martin's surrender, Brooks's causes of action accrued because it was that act, accepting surrender of Brooks, that served as the genesis of the claims before the trial court.
¶ 9. Bail bondsman are given the authority to arrest and surrender the principal under the bond. Hubbard v. State, 437 So.2d 430, 439 (Miss.1983). The statute giving bail bondsmen the authority to arrest principals states in part:
(2) (a) Bail, or its agent, at any time, may surrender its principal to any law enforcement agency or in open court in discharge of its liability on the principal's bond if the law enforcement agency that was involved in setting the original bond approves of such surrender, to the State of Mississippi and any of its courts and at any time may arrest and transport its principal anywhere or may authorize another to do so, may be assisted by any law enforcement agency or its agents anywhere upon request of bail and may receive any information available to law enforcement or the courts pertaining to the principal for the purpose of safe surrender or for any reasonable cause in order to safely return the principal to the custody of law enforcement and the court.
(b) Bail, or its agent, at any time, may arrest its principal anywhere or authorize another to do so for the purpose of surrender of the principal on bail bond. Failure of the sheriff or chief of police or his jailer, any law enforcement agency or its agents or the court to accept surrender by bail or its agent shall relieve bail of any liability on principal's bond, and the bond shall be held for naught.
Miss.Code Ann. § 99-5-27(2)(a)-(b) (Rev. 2000). The right of the surety to arrest a principal arises "from the relationship between principal and his bail." Hubbard, 437 So.2d at 439 (citing 8 Am.Jur.2d Bail and Recognizance, § 119 (1980)). It does not come from the state through subrogation. Id. Brooks was taken into custody by Martin because he owed an outstanding amount on his bond and/or failed to comply with bond procedures such as failing to stay in contact with the bonding company and not reporting weekly. However, once Brooks's sentence for DUI, second offense, was served, the amount owed simply became a civil debt. Bail bondsmen do not have authority to surrender a principal for civil debt. Regardless, even if Martin's arrest had been appropriate, arrest by a bondsman does not an inmate make.
¶ 10. While the deputies at the Rankin County jail had no option with regard to relieving Martin of liability, though in the case sub judice Martin's liability was no longer existent, they were not required to accept his surrender. There is no precedent explicitly establishing the duties of a sheriff upon surrender of a bondman's principal. However, we now hold in cases such as this the following duties must be satisfied. First, the sheriff, or his agent, must verify the identity of the defendant, that the defendant is, in fact, who the bondsman says he is. Second, the sheriff, or his agent, must verify the identity of the bondsman, that the surrendering individual is, in fact, a licensed professional bondsman entitled to invoke section 99-5-27. Lastly, the sheriff, or his agent, must use reasonable care to verify that the bond upon which the accused is being surrendered is presently *739 valid and binding on the principal and surety. These duties must be satisfied before the principal is accepted. Consequently, they must be satisfied before the principal can be accepted as an inmate.
¶ 11. The condition of Brooks's appearance bond was to appear day to day and term to term at the appropriate court until discharged. Brooks did that and his charges were adjudicated by the Flowood Municipal Court. Mississippi Code Annotated section 19-25-63 states,
It shall be the duty of every sheriff to keep a record, to be called the "Jail docket," in which he shall note each warrant or mittimus by which any person shall be received into or placed in the jail of his county, entering the nature of the writ or warrant, by whom issued, the name of the prisoner, when received, the date of the arrest and commitment, for what crime or other cause the party is imprisoned, and on what authority, how long the prisoner was so imprisoned, how released or discharged, and the warrant therefor or the receipt of the officer of the penitentiary when sent there. All of said entries shall be full and complete, so as to give a perfect history of each case. The record shall be kept as a public record, and turned over to his successor.
Miss.Code Ann. § 19-25-63 (Rev.2003) (emphasis added). While no excerpts from the Rankin County Sheriff's Office jail docket are included in the record, it had a statutory duty to keep such a record. Therefore, the jailors on duty at the time of Brooks's surrender should have had their jail docket and related jail records available showing that Brooks had been charged with felony DUI by the Flowood Police Department on January 19, 2004, placed in their jail until bonded out on January 24, and returned to their jail by the Flowood Police Department on January 29 as a consequence of a Flowood Municipal Court judgment of conviction to serve thirty days for a DUI second offense. Those same records should have indicated Brooks's release some twenty-five days later upon completion of his sentence. Prior to the sheriff's acceptance of Brooks, minimal inquiry should have verified that the felony DUI bond upon which Martin was surety was no longer valid because Brooks had been convicted, sentenced, and served his time on the DUI charge. Therefore, there is a genuine issue of material fact as to whether the duties detailed above were breached, as well as to Brooks's damages.

II. WAS THE DEFENDANTS' CONDUCT WANTON AND/OR RECKLESS?
¶ 12. In his second issue on appeal, Brooks argues that even if the trial court were correct in finding that the MTCA provided immunity to Sheriff Pennington and Rankin County, the trial court erred because there was a genuine issue of material fact as to whether that immunity was nevertheless waived because the defendants' conduct was wanton and/or reckless.
¶ 13. Mississippi Code Annotated Section 11-46-9(1)(c) (Rev.2002) provides that a governmental entity and its employees acting within the course and scope of their employment or duty shall not be liable for any claim arising out of any act or omission relating to the performance of police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury. The sovereign immunity provisions of the MTCA are waived when a governmental entity and its employees act in reckless disregard of an individual's rights. Bonner v. McCormick, 827 So.2d 39, 41(¶ 16) (Miss.Ct.App.2002). Brooks argues that *740 the defendants' failure to present him before a neutral magistrate within forty-eight hours of his surrender and failure to conduct any investigation into the lawfulness of the surrender by the bail bondsman or the status of any pending charges constituted reckless disregard. He also argues that reckless disregard was shown because upon his surrender, the court should have made a full review in open court in compliance with Mississippi Code Annotated Section 99-5-27(4).
¶ 14. Section 99-5-27(4) is inapplicable as it deals with setting new bail for pending charges, and no charge was pending against Brooks. However, with respect to Brooks's claim of reckless disregard, the supreme court has held that reckless disregard is "synonymous with willfulness and wantonness and that it includes an element of intent to harm." Foster v. Noel, 715 So.2d 174, 179(¶ 27) (Miss.1998). Harm, as used above, has been defined as "a conscious indifference to consequences, amounting almost to a willingness that harm should follow." Maye v. Pearl River County, 758 So.2d 391(¶ 19) (Miss.1999). It does not require a literal showing, as "a showing of intent to harm is not required to remove an act from immunity." City of Jackson v. Perry, 764 So.2d 373 (¶ 16) (Miss.2000).
¶ 15. In addition to their possible noncompliance with the duties detailed above, Brooks alleged that after being told of their mistake the jailers/deputies refused to investigate the grounds for his continued detention, refused him another bond, refused to take him before a neutral magistrate, refused to tell him what crime he was charged with, and generally ignored his protest of unlawful incarceration. Under the facts of the case before us, this is sufficient evidence to create a jury question as to whether the conduct, through action or inaction, of the sheriff's department evinced a reckless disregard of the safety and well-being of Brooks. Moreover, a sworn affidavit by an expert witness, Hon. Stanley F. Slater, municipal judge for the City of Canton, Mississippi, for over sixteen years, and practicing attorney for over thirty years, who proclaimed intimate knowledge of the bail bonding processes in this state, after a full review of all the relevant documentation in this case, claimed that the failure of the sheriff's booking deputies to verify the bond status on Brooks before accepting surrender was grossly negligent and with wanton disregard of Brooks's rights. We conclude that genuine issues of material fact exist sufficient to defeat summary judgment on this immunity ground.

III. SHOULD THE CIRCUIT COURT JUDGES OF RANKIN COUNTY HAVE RECUSED THEMSELVES?
¶ 16. In his final issue on appeal, Brooks argues that the trial judge erred in not recusing himself because a reasonable person, knowing all of the circumstances of this case, would harbor doubts about the trial court's impartiality.
¶ 17. On review of a denial of a motion to recuse, this Court "will not order recusal unless the decision of the trial judge is found to be an abuse of discretion." URCCR Rule 1.15; Hathcock v. S. Farm Bureau Cas. Ins. Co., 912 So.2d 844, 847(¶ 5) (Miss.2005). "The decision to recuse or not to recuse is one left to the sound discretion of the trial judge, so long as he applies the correct legal standards and is consistent in the application." Tubwell v. Grant, 760 So.2d 687, 689(¶ 7) (Miss.2000). When a judge is not disqualified under the constitutional or statutory provisions, the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion. Id.
*741 ¶ 18. When reviewing whether a judge should have recused himself, this Court uses an objective test: "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." King v. State, 821 So.2d 864, 868(¶ 13) (Miss.Ct.App.2002). The challenger has to overcome the presumption "that a judge, sworn to administer impartial justice, is qualified and unbiased." Id. This presumption may only be overcome by evidence which produces a reasonable doubt about the validity of the presumption. Bredemeier v. Jackson, 689 So.2d 770, 774 (Miss.1997).
¶ 19. Brooks argues that Rankin County Circuit Court Judges William Chapman, III, and Samac Richardson necessarily have continuous dealings with the Rankin County Sheriff and Rankin County, and are therefore implicitly connected to them. Further, he argues that any judgment against these parties would be paid by the taxpayers and voters of Rankin County who are also charged with the election of circuit court judges. These grounds alone are not sufficient to convince this Court that a reasonable person, knowing all the circumstances, would harbor doubts about the judges' impartiality. Holding that an appearance of impropriety exists solely because a case involves the county or sheriff of the county that the judge presides over is contrary to established case law. For example, Conrod v. Holder, 825 So.2d 16 (Miss.2002) and Harvison v. Greene County Sheriff Dept., 899 So.2d 922 (Miss.Ct. App.2005), Burleson v. Hancock Cty. Sheriff's Dep't Civil Service Comm'n, 872 So.2d 43 (Miss.Ct.App.2003), as well as others have involved a sheriff or sheriff's department being sued in the county that the trial judge was elected to serve, and the trial judges in these cases did not recuse nor was error brought on appeal for their failure to recuse.
¶ 20. Brooks's final argument for recusal is that under the MTCA the trial court would sit as judge and jury if this matter proceeded to trial. Requiring recusal in all such cases would be contrary to the MTCA which provides that:
The venue for any suit filed under the provisions of this chapter against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred, or took place. The venue for all other suits filed under the provisions of this chapter shall be in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located.
Miss.Code Ann. § 11-46-13(2) (Rev.2002). Brooks is an adult resident of Rankin County, the action occurred in Rankin County, and Sheriff Pennington was acting in his official capacity as sheriff of Rankin County. Therefore, under Section 11-46-13(2) this action was proper in Rankin County.
¶ 21. Finding no appearance of impropriety and that this suit was filed in compliance with the MTCA, we find that the trial judge did not abuse his discretion in denying the order to recuse. This issue is without merit.
¶ 22. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
MYERS, P.J., IRVING, CHANDLER, BARNES, ISHEE AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. LEE, P.J., CONCURS *742 IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, J.
LEE, P.J., Concurring In Part, Dissenting In Part.
¶ 23. With respect to the majority, I must dissent to the analysis of Issues I and II. I concur, however, with the finding in Issue III that the recusal of the trial judge was not warranted.
¶ 24. While I agree that Brooks was wrongfully taken to jail by his bail bondsman, I cannot find that his incarceration was outside the statute providing immunity to Sheriff Pennington and Rankin County. The majority correctly states that immunity under the MTCA only applies if the claimant is an inmate "at the time the claim arises." Miss.Code Ann. § 11-46-9(1)(m) (Rev.2002). The majority finds that the "claims arose at the moment the Rankin County deputy/jailor accepted custody of Brooks based on Martin's surrender of him," and, thus, the claim arose before Brooks became an inmate. The majority, having found that the claim arose before Brooks became an inmate, holds that Brooks's status during his incarceration is not relevant to the determination of immunity. I cannot agree that Brooks was not an inmate at the time his claim arose. Bail bondsman are given broad authority to arrest and surrender the principal under the bond. Hubbard, 437 So.2d at 439. Brooks's status was that of an inmate when he was surrendered by his bail bondsman. Section 11-46-9(1)(m) of the MTCA does not distinguish between a lawful and an unlawful inmate. Thus, it only stands to reason that, regardless of his status, Brooks was an inmate of the Rankin County jail and immunity applies under the MTCA.
¶ 25. It is apparent that Martin's act of taking Brooks to jail was for failure to pay the balance on the bond. While Brooks failed to comply with bond procedures, bail bondsmen do not have authority to surrender a principal for a civil debt. The appropriate relief, if any, for Brooks to seek is against Martin. Sheriff Pennington acted in compliance with Mississippi Code Annotated Section 99-5-27(2)(a)(b) and is immune under the MTCA.
¶ 26. I also must dissent on the issue of whether Sheriff Pennington acted recklessly. The majority finds that there is a genuine issue of material fact as to whether immunity under the MTCA is waived because the defendants' conduct was wanton and/or reckless. Brooks argues that the defendants' failure to present him before a neutral magistrate within forty-eight hours of his surrender and failure to conduct any investigation into the lawfulness of the surrender by the bail bondsman or the status of any pending charges constituted reckless disregard. He also argues that reckless disregard was shown because upon his surrender, the court should have made a full review in open court in compliance with Mississippi Code Annotated Section 99-5-27(4). First, Section 99-5-27(4) is inapplicable as it deals with setting new bail for pending charges, and no charge was pending against Brooks. Second, the supreme court has held that reckless disregard is "synonymous with willfulness and wantonness and that it includes an element of intent to harm." Foster v. Noel, 715 So.2d 174, 179 (¶ 27) (Miss.1998). I can find no evidence that Sheriff Pennington, and thus Rankin County and Western Surety, had any intent to harm Brooks as defined by case law. In holding Brooks, the sheriff's department was complying with the provisions of Section 99-5-27 giving the bail bondsman the authority to arrest Brooks for failure to comply with bond procedures. Until a proper statutory procedure is put in place to ensure that every inmate *743 is lawfully incarcerated, I cannot enforce such a standard on the sheriffs of this state that would hold them liable every time a person is wrongfully incarcerated. It is not the sheriff's responsibility to make judicial decisions.
¶ 27. Brooks also argues that the defendants' conduct was reckless in light of his warnings to jail personnel that he was being wrongfully incarcerated. Surely jail personnel hear on a daily basis prisoners' pleas that they are innocent and wrongfully incarcerated. I cannot give this argument weight. I cannot find any acts by the defendants that amount to reckless disregard, and, therefore, immunity under the MTCA was not waived.
¶ 28. I would affirm the judgment of the circuit court granting summary judgment in favor of Sheriff Pennington, Rankin County, and Western Surety.
GRIFFIS, J., JOINS THIS OPINION.