GRIFFIS, P. J.,
for the Court:
¶ 1. Issac M. Tillman appeals the judgment of the circuit court dismissing his lawsuit filed against the Mississippi Department of Corrections (MDOC). Tillman alleged that MDOC failed to release him from incarceration upon completion of his sentence. He asserted claims of negligence, false imprisonment, negligent infliction of emotional distress and intentional infliction of emotional distress. The circuit judge granted MDOC’s motion to dismiss, finding Tillman’s claims were barred by Mississippi Code Annotated section 11-46-9(l)(m) (Supp.2011) of the Mississippi Tort Claims Act because he was an inmate at the time his claims arose. Tillman disagrees that his claims are barred, and he filed this appeal. We find no error and affirm.
FACTS
¶ 2. On August 29, 2000, Tillman entered a guilty plea on two counts of armed robbery. He was sentenced to serve ten years for each count, with the sentences running concurrent with each other and with a previous sentence that Tillman was already serving.[1] The complaint filed in this case alleges that Tillman began to serve his two ten-year sentences on September 12,1998.
¶ 3. The complaint further states that Tillman’s original sentence expired on September 12, 2008; however, it claims that Tillman served an additional 478 days for the time during which Tillman had escaped from custody.[2] That made his new release date, according to Tillman, on January 2, 2010. Tillman’s discharge certificate from MDOC shows that he was released on April 17, 2010.
¶ 4. On January 19, 2011, Tillman filed his complaint asserting claims of negligence, false imprisonment, negligent infliction of emotional distress and intentional infliction of emotional distress for the three and a half months he claims that he was unlawfully held in custody by MDOC. There is no evidence in the record that Tillman sought administrative or other relief during those three and a half months he claims he was unlawfully detained. See Miss.Code Ann. § 47-5-803 (Rev.2011) (requiring use of administrative procedures to preserve any cause of action against MDOC).
¶ 5. MDOC filed a motion to dismiss claiming it had no liability for Tillman’s claims because section ll-46-9(l)(m) provides an exemption from liability for all claims brought by inmates. After a hearing, the circuit judge granted MDOC’s motion to dismiss and dismissed Tillman’s complaint without prejudice.
STANDARD OF REVIEW
¶ 6. This Court employs a de novo standard of review for analyzing a trial court’s grant or denial of a motion to dismiss. Smith v. City of Saltillo, 44 So.3d 438, 440 (¶ 5) (Miss.Ct.App.2010).
ANALYSIS
¶ 7. Section ll-46-9(l)(m) states the following:
*718 (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
[[Image here]]
(m) Of any claimant who at the time the- claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.
¶8. Tillman argues that the Tort Claims Act does not define the term “inmate.” He claims that an inmate is one who is lawfully held in the custody of MDOC. Because he contends that he was held unlawfully, he claims he was not an “inmate” under section ll-46-9(l)(m).
¶ 9. Tillman cites the supreme court’s holding in Love v. Sunflower County Sheriffs Department, 860 So.2d 797 (Miss. 2003). There, Yoshino Love was attacked by several inmates while in the process of bonding out of jail. Id. at 799 (¶ 2). The supreme court defined inmate as follows: “ ‘Inmate’ is defined as ‘a person confined to a prison, penitentiary or the like.’ Black’s Law Dictionary 788 (6th ed.1990).” Love, 860 So.2d at 800 (¶ 6) (quoting Wallace v. Town of Raleigh, 815 So.2d 1203, 1207-08 (¶ 16) (Miss.2002)). The court held that Love remained an inmate because he had not completed all of the necessary steps to be released on bond. Id. at 800-01 (¶ 8).
¶ 10. Tillman argues that he, unlike Love, had completed all the necessary steps to be released because he had served the entirety of his sentence. He asserts in his brief that MDOC had ignored his demands to be release from incarceration. But we again point out that the record shows no evidence that Tillman filed for any type of administrative relief within MDOC.
¶ 11. Section 11^6-9(l)(m) has been applied broadly to “any claim of any claimant who was an inmate at the time the claim arose.” Wallace, 815 So.2d at 1208 (¶ 17). In Wallace, the plaintiff argued that section ll-46-9(l)(m) should only apply to inmates who are actually on the premises of the jail. Wallace, 815 So.2d at 1207 (¶ 13). The supreme court disagreed, holding: “There is no restriction that the inmate must remain confined to the prison. The inmate remains an inmate while being transported, while participating in public service work programs or while on leave if a pass is granted.” Id. at 1207-08 (¶ 16) (citing Miss.Code Ann. §§ 47-5-401 through -421 (2000 & Supp.2001)).
¶ 12. The supreme court further stated: “This Court cannot presume the Legislature intended to limit liability to only those inmates on the premises but must presume the words in the statute were ‘intended to convey their usual meaning absent some indication to the contrary.’ ” Id. at 1208 (¶ 17) (quoting Buelow v. Kemp Co., 641 So.2d 1226, 1228-29 (Miss.1994)). “The Legislature expressly stated the governmental entity would be immune from all liability from any claim of any claimant who was an inmate at the time the claim arose.” Id. (citing Miss.Code Ann. § 11— 46-9(l)(m)).
¶ 13. In Liggans v. Coahoma County Sheriff’s Department, 823 So.2d 1152, 1155 (¶ 7) (Miss.2002), the supreme court again applied a broad definition of inmate to also include a plaintiff who was “merely a pretrial detainee, one who had been arrested and charged, but [who was] not a convicted inmate.” The court cited the Fifth Circuit’s opinion in Jones v. City of Jackson, 203 F.3d 875 (5th Cir.2000), which held that summary judgment was proper based *719 on the application of section ll-46-9(l)(m) because “Jones was incarcerated at the time of the events at issue.... ” Liggcms, 823 So.2d at 1155 (¶ 9). It was not required that the plaintiff be convicted to be considered an inmate under section 11-46-9(l)(m). Id. at (¶ 11).
¶ 14. Like Tillman, the plaintiff in Brooks v. Pennington, 995 So.2d 733, 737 (¶ 5) (Miss.Ct.App.2007), argued that section ll-46-9(l)(m) did not apply because he was never lawfully incarcerated. We noted: “[T]his Court has stated in dicta that ‘the Mississippi Tort Claims Act specifically excludes claims arising under state law while a person is lawfully incarcerated in a penal facility.’ ” Id. at (¶ 6) (quoting Harvison v. Greene County Sheriff Dep’t, 899 So.2d 922, 925 (¶8) (Miss.Ct.App. 2005)). However, we took the opportunity to clarify the language used in Harvison concerning the legal status of an inmate, stating: “In granting immunity from claims brought by an inmate, [sjection 11-46-9(l)(m) does not distinguish between those lawfully and those unlawfully within the custody of the state. Any indication otherwise in Harvison was nothing more than dicta.” Id. at (¶ 7).[3]
¶ 15. Just as in the cases cited above, we decline Tillman’s request to narrow the definition of “inmate” to exclude an offender who alleges his sentence was calculated incorrectly. As MDOC states in its brief: “Tillman’s allegation that the MDOC incorrectly calculated the amount of time he should have served does not change his status as an inmate.” Tillman was unquestionably a person confined in the custody of MDOC when his claims arose. He had the opportunity to challenge the computation of his sentence through administrative review. Instead, he chose to wait until he was released and file a negligence claim against MDOC that is barred by section 11^6-9(l)(m) of the Tort Claims Act.
¶ 16. We affirm the circuit court’s dismissal of Tillman’s complaint.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Tillman's discharge certificate shows that he was also sentenced to serve two years for possession of cocaine.

. The record shows no prosecution for this escape.

. This Court held that the immunity provided in section ll-46-9(l)(m) did not apply in Brooks because the plaintiffs claims arose before he became an inmate. Brooks, 995 So.2d at 737-38 (¶ 8).